UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUSAN MAE POLK,

    Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

    Defendant.
_____/

No. C 14-4667 PJH

**NOTICE**

TO PLAINTIFF SUSAN MAE POLK:

Pursuant to Rand v. Rowland, 154 F.3d 952, 953-54 (9th Cir.1998) (en banc), the court hereby provides the following notice. Defendant Federal Bureau of Investigation has filed a motion for summary judgment, seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. That is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions,

answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

     In accordance with the scheduling order issued by the court on December 22, 2014, your opposition to defendant's motion must be filed no later than April 15, 2015, and defendant's reply to your opposition must be filed no later than May 6, 2015. The court will decide the motion on the papers.

Dated: March 26, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge