UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MAE POLK,<br>　　Plaintiff,<br>　　v.<br>FEDERAL BUREAU OF INVESTIGATION,<br>　　Defendant. | Case No. 14-cv-4667-PJH<br><br>**ORDER DENYING MOTION TO STRIKE** |

Plaintiff Susan Mae Polk seeks an order striking Exhibit D to the Declaration of David M. Hardy in support of defendant Federal Bureau of Investigation's motion for summary judgment. Plaintiff previously also moved for an order sealing Exhibit D, which motion was granted in an order issued June 12, 2015.

The motion to strike is DENIED. Under Federal Rule of Civil Procedure 12(f), the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) is limited to striking only pleadings and permits the striking of only those specific matters which are provided for in the rule. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973-74 (9th Cir. 2010).

There is no provision in the Federal Rules for motions to strike documents or portions of documents other than pleadings. However, federal courts are permitted to strike documents as part of their inherent power to control their dockets, in particular, to control abusive litigation practices. See Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010) (discussing court's inherent power to strike items from the docket as a sanction for abusive litigation conduct).

1    Here, two considerations militate against granting plaintiff's request.  First, Exhibit D to the Hardy Declaration has been filed under seal, and is thus no longer available on the public docket.  Regardless of whether any of this material has or has not previously been released as part of a public record or proceeding, it is now no longer publicly available, in this case at least.

Second, plaintiff has identified no abusive litigation conduct on the part of the FBI that warrants any type of sanction.  Plaintiff claims that at the time she provided the FBI with the information in Exhibit D in 1985, the FBI "promised" her that the material in the case file would not be accessible to the public, and that in including the information as part of Exhibit D, the FBI reneged on that "promise."  However, that cannot be considered abusive litigation conduct, as the FBI had no reasonable means to know that an agent made such a "promise" thirty years ago.  While the FBI did initially oppose plaintiffs' motion to seal Exhibit D, on the basis that she had not clearly identified the information she wanted sealed and had not shown any compelling reason to seal Exhibit D as required by Civil Local Rule 79-5 and Ninth Circuit authority, the FBI subsequently filed a statement of non-opposition to the request.

**IT IS SO ORDERED.**

Dated:  July 2, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge