1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    SUSAN MAE POLK,

8                    Plaintiff,                    Case No.  14-cv-4667-PJH

9         v.
                                                   **ORDER DENYING MOTION FOR**
10   FEDERAL BUREAU OF                             **RELIEF FROM JUDGMENT**
     INVESTIGATION,
11
                    Defendant.
12

13

14        Before the court is the motion of plaintiff Susan Mae Polk for relief from judgment

15   pursuant to Federal Rule of Civil Procedure 60(b).  Having read plaintiff's papers and

16   carefully considered her arguments and the relevant legal authority, the court hereby

17   DENIES the motion.

18        Rule 60(b) "provides for extraordinary relief and may be invoked only upon a

19   showing of exceptional circumstances."  Harris v. U.S. Dep't of Commerce, 2014 WL

20   4129342, at *1 (N.D. Cal. Aug. 21, 2014); see also Harvest v. Castro, 5e31 F.3d 737, 749

21   (9th Cir. 2008).  Rule 60(b) provides that "[o]n motion and on just terms, the court may

22   relieve a party or its legal representative from a final judgment, order, or proceeding,"

23   based on  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

24   evidence; (3) fraud or misrepresentation by an opposing party; (4) the judgment is void;

25   (5) the judgment has been satisfied, released, or discharged; or (6) any other ground that

26   justifies relief.  Fed. R. Civ. P. 60(b).

27        Here, plaintiff does not specify the subsection of Rule 60(b) under which she

28   seeks relief.  She does not assert newly discovered evidence, fraud, or void or satisfied

judgment.  Thus, subsections (b)(2) through (b)(5) are not applicable.  Nor is subsection (b)(6) applicable.  A motion under Rule 60(b)(6) must be based on grounds not covered by subsections (b)(1) through (b)(5).  <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528-29 (2005).  "Judgments are not often set aside under Rule 60(b)(6)."  <u>Latshaw v. Trainer Wortham & Co., Inc.</u>, 452 F.3d 1097, 1103 (9th Cir. 2006).  This provision is used sparingly as an equitable remedy to prevent manifest injustice where circumstances beyond the party's control prevented him/her from taking action in a timely manner to avert or correct an erroneous judgment.  <u>Fantasyland Video, Inc. v. County of San Diego</u>, 505 F.3d 996, 1005 (9th Cir. 2007); <u>see also</u> <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993).  Plaintiff has argued no such circumstances here.

That leaves subsection (b)(1).  Under Rule 60(b)(1), the court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself.  <u>See</u> <u>Fidelity Fed. Bank, FSB v. Durga Ma Corp.</u> 387 F3d 1021, 1024 (9th Cir. 2004).  Here, none of the arguments plaintiff makes in her motion support reconsideration of the court's ruling on summary judgment and entry of judgment in favor of defendant.

First, some of the points plaintiff makes in her motion are simply efforts to reargue her prior summary judgment motion or her opposition to defendant FBI's motion.  "It is not the proper function of a Rule 60(b) motion to reargue matters that have already been litigated."  <u>Center for Biological Diversity v. Norton</u>, 304 F.Supp.2d 1174, 1178 (D. Ariz. 2003).  A district court does not abuse its discretion by denying a Rule 60(b) motion where the movant merely reargues issues raised previously.  <u>See</u> <u>Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892, 899 (9th Cir. 2001).

Here, for example, plaintiff contends that the court "overlooked" the FBI's "admission" in its answer and affirmative defenses that the requested file "496768RB1" exists; and that the court "overlooked" the fact that plaintiff did not style her FOIA request as a FOIPA request.  Plaintiff made both these arguments in the prior summary judgment motions, and the court did in fact address the issues, though perhaps not in the manner plaintiff wanted.

United States District Court
Northern District of California

1   Second, several assertions made by plaintiff in this motion are simply not true.  For

2   example, she claims that she submitted FOIA requests in 2011, 2013, and 2014; but the

3   court previously noted that she had presented evidence of only a single request in June

4   2013.  Similarly, plaintiff's contention that the court was wrong in finding that the FBI did

5   not receive her June 2013 FOIA request until it was served with the complaint in the

6   present action, because the FBI "ignored" her June 27, 2014 FOIA request (referring to

7   the motion for injunctive relief she filed in her federal habeas case), is without merit  for

8   the reasons explained in the January 7, 2016 order.  Plaintiff also claims that the court

9   erred in finding that she had asserted the requested file "496768RB1" was part of an

10  "active investigation," but the court notes that plaintiff argued in her motion that she

11  "discovered that there was an active investigation by the FBI associated with my name"

12  when she obtained access to the Contra Costa "Bail Study."

13  Third, other arguments made by plaintiff are incorrect as a matter of law.  She

14  contends that the fact that she disputes the FBI's claim that there is no FBI file with the

15  number "496768RB1" is sufficient to create a triable issue of fact.  However, as the court

16  indicated in the January 7, 2016 order, plaintiff's belief that the reference to "496768RB1"

17  is a reference to an FBI investigation of her is "unsupported."  Absent evidence sufficient

18  to raise a question as to whether such a file existed, plaintiff cannot show – in the face of

19  the FBI's evidence that there is no investigative file – that the existence of the file is

20  "disputed."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v.

21  Liberty Lobby, Inc., 477 U.S. 242, 248-56 (1986).

22  Plaintiff also asserts that the court's description of the excerpt of the Contra Costa

23  "Bail Study" as "unauthenticated" was error.  In her motion for summary judgment,

24  plaintiff stated that "Exhibit A is a true copy of the page from the Bail Study, redacted to

25  conceal my date of birth and driver's license number, filed by the county in People v.

26  Polk, supra, in 2003."  Exhibit A to plaintiff's declaration in support of her motion for

27  summary judgment consists of three pages.  None of the pages states that they are

28  portions of a "Bail Study."

United States District Court
Northern District of California

1    The first page (marked with a page number "6" at the bottom) is headed

2  "Attachment" and plaintiff's name appears in the upper right corner.  It bears a fax

3  transmission header, which appears to show transmission from "WC Superior Court" on

4  September 30, 2003, as page 15 of 16.  This page includes entries for "Aliases" (blank);

5  "DOB" (redacted); "CII" ("A22656611"); "DMV" (redacted); "CDC" ("none"); "FBI"

6  ("496768RB1"); and "CYA" ("none").  Under "DMV History" is written "The defendant has

7  a  valid California driver license."  It is the reference to "496768RB1" on this page that

8  provides the sole basis for plaintiff's claim that the FBI at some point investigated her.

9    The second page (marked with a page number "5" at the bottom) also includes

10  plaintiff's name in the upper right corner.  It bears a fax transmission header, which

11  appears to show transmission from "WC Superior Court" on September 30, 2003, as

12  page 14 of 16.  It has entries for "Failures to Appear" ("Criminal: none"); "Traffic" ("none");

13  and "Defendant's record" ("The defendant has no criminal record").  Underneath this is

14  the statement "Respectfully Submitted, Steven L. Bautista, County Probation Officer;"

15  which is followed by signatures reading "Shirley Osborne, Deputy Probation Officer, Adult

16  Division, Martinez;" and "Approved by John R. [Indecipherable] for Nancy Valencia, Unit

17  Supervisor."  At the bottom are the notations "Dictated: 9/18/03" and "Typed: 9/18/03,"

18  followed by the line "Read and considered" with an indecipherable signature notated

19  "Judge."

20    The third page is entitled "Clerk's Certification of Transcript," and purports to be a

21  certification from Deputy Clerk Beverly Masinas of the Contra Costa Superior Court, that

22  the "foregoing Clerk's Transcript on Appeal consist[s] of pages 1 through 4568, inclusive,"

23  and that it is "a full, true and correct copy of the Clerk's Transcript on Appeal in case

24  number: 031668-7, In re People v. Susan Polk," filed in the Clerk's Office "on the

25  respective dates endorsed thereon and now remaining on file herein."  The certification is

26  signed ("Beverly Masinas") and dated March 4, 2008.  This page does not refer to the

27  "Bail Study," and does not include a fax transmission header suggesting it might have

28  been transmitted with the other two pages from the Superior Court.

United States District Court
Northern District of California

1    "Authentication" is a special aspect of relevancy, concerned with establishing the

2    genuineness of evidence.  Fed. R. Evid. 901(a) (authentication is a "condition precedent

3    to admissibility," and this condition is satisfied by "evidence sufficient to support a finding

4    that the matter in question is what its proponent claims").  The general requirement that

5    documents be authenticated through personal knowledge when submitted in a summary

6    judgment motion "is limited to situations where exhibits are introduced by being attached

7    to an affidavit" of a person whose personal knowledge is essential to establish the

8    document is what it purports to be – that it is authentic.  Orr v. Bank of America, 285 F.3d

9    764, 778 n.24 (9th Cir. 2002).  Where documents are otherwise submitted to the court,

10   and where personal knowledge is not relied upon to authenticate the document, the

11   district court must consider alternative means of authentication under Federal Rules of

12   Evidence 901(b)(4).  Id. at 777-78.

13        Thus, public records may under certain circumstances be self-authenticating,

14   which means they need no extrinsic foundation.  Id.   That is, public records may be

15   authenticated by means of, e.g., a clerk's certification.  See Fed. R. Evid. 901(a)(2), (4).

16   Here, however, while plaintiff claims the document is self-authenticating based on the

17   attached "Clerk's Certification of Transcript," there is nothing in the two pages preceding

18   the certification to indicate that they are part of a "Bail Study," and absolutely nothing to

19   connect the certification to the document itself.  Moreover, even were the alleged "Bail

20   Study" properly authenticated, it would still not constitute evidence sufficient to raise a

21   triable issue in this case, as stated in the prior order.

22        The court finds that plaintiff has failed to establish any ground for relief from

23   judgment.  Accordingly, the motion is DENIED.

24

25   **IT IS SO ORDERED.**

26   Dated:  February 2, 2016

27   _____

28   PHYLLIS J. HAMILTON
     United States District Judge